BOUTALL, Judge.
This appeal involves the right of an employee to appeal to the Jefferson Parish Personnel Board and the validity of the relief granted on that appeal.
John W. Falcon was an employee of the Parish of Jefferson in the Department of Public Works, being paid bi-weekly. On October 1, 1978 he became eligible for an annual pay raise. On October 13, the last working day of his pay period (a Friday) he was informed by the Director of the Department that he would not receive an annual pay raise. On October 31, he filed a petition of appeal to the Jefferson Parish Personnel Board and finally on November 13, he was furnished with written reasons for the denial of his pay raise, the acknowledgment of which he signed on November 15.
We set out the calendar of events above because the employer filed a motion for summary dismissal with the Personnel Board contending that the employee had no right to appeal because the written reasons for denial were timely furnished. We refer to the personnel rules of Jefferson Parish as embodied in Ordinance No. 4074 as amended by Ordinance 11744 (August 1, 1974), Rule IV Pay Plan, § 2.2:
“Since the implementation of the orderly pay raise policy set forth in 2.1 above, presupposes both the availability of funds and satisfactory work performance, it is obvious that the granting of the pay increases permitted under that section is not mandatory.
“However, it shall be the policy of the Parish to grant pay raises in accordance with this plan to the greatest extent possible. When an employee is not granted a pay increase within one pay period of his Pay Raise Eligibility Date, he shall be furnished written reason or reasons for the failure to grant the increase and a copy of this statement shall be forwarded to the Personnel Department for inclusion in the employee’s record. If an employee is not furnished written reason or reasons as required hereunder, or if the employee makes a specific allegation that he was denied a pay raise due to racial, religious, political or other discrimination unrelated to merit factors of employment, the employee may file a written appeal to the Personnel Board within thirty (30) calendar days of the date on which he was denied a pay raise. The employee shall bear the burden of proof of his allegation. An employee who fails to appeal timely under this Rule shall have no further recourse.”
That rule specifically states that if an employee is not furnished written reason or reasons as required hereunder, he may file a written appeal to the personnel board. The question is thus narrowed to the time when the written reasons are required. The Parish contends that the written reasons may be furnished at any reasonable time after refusal to grant a pay increase, but we do not so interpret the section. As we interpret the section the written reasons must be furnished to the employee within one pay period of his pay raise eligibility date. The reason is two fold. First we believe the sentence itself quite plainly requires action within one pay period, and believe logic demands that the employee should be given by the end of his pay period either the raise or the reason why he is not entitled to the raise. Secondly, his thirty day appeal rights begin to run on the date on which he was denied a pay raise. Presumably an astute employee would be cognizant of his eligibility for a raise and examine his next check to determine if that raise were granted him. However, because of all of the items withheld from employees’ pay checks, one may not notice a small raise, or may attribute the change in his pay check to other factors. But written reasons for failure to grant given prior to or at the time of the receipt of his next pay check, would certainly place him on notice *CMLXVI and begin the running of his thirty days limitation. A reading of the entire sub-section shows this to be the plan adopted by the Ordinance.
In further argument, the Parish contends that the personnel board has no jurisdiction to determine the question of refusal to grant a pay raise. It relies on Rule II, § 4, Appeals as set out in subsections 4.1 and 4.2. We simply say that whatever is specified in those sub-sections (as amended July 1967), the above quoted sub-section clearly grants a right of appeal over failure to grant a pay increase in addition to the other authority, noting this to be a later amendment in 1974.
Finally, as to the merits of the order of the personnel board granting the employee a pay raise effective as of his eligibility, we note that the record shows the employee to have a satisfactory service rating, and that the reason for refusal was not due to lack of money, but was due to “the salary structure of the department”. We agree with the adopt the Board’s holding: “In the Board’s view, both the belated untimeliness of the reason, and the reason itself, were contrary to the spirit and meaning of the Rule (Rule IV, 2.2).”
The judgment appeal is affirmed.

AFFIRMED.